UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FINNIES NEXT DOOR, INC, et al.,

    Plaintiffs,

    v.

ST. JOSEPH COUNTY HEALTH
DEPARTMENT, et al.,

    Defendants.

Case No. 3:25-CV-1100-GSL-SJF

## OPINION AND ORDER

*Background*

Plaintiffs' State Court Complaint, containing only state law claims, was filed February 9, 2023. [DE 3]. Nearly three years later, on December 15, 2025, Plaintiffs filed the First Amended Complaint, where Defendant Notre Dame, and two federal claims, were added. [DE 5]. Since then, there have been a litany of motions filed, including Plaintiffs' Motion to Remand, which is pending before the Court.[1] [DE 13]. Defendants responded to that Motion at [DE 38], with Plaintiffs replying at [DE 39].

Plaintiffs argue that despite alleging two federal claims, no real federal question exists, and therefore, the case should be remanded to state court. Plaintiffs additionally argue that their state law claims are novel and complex and predominate the First Amended Complaint, and that the "Burford/Thibodaux Abstention Doctrine Strongly Suggests the Remand" of Plaintiffs' claims. Defendants respond that Plaintiffs alleged federal claims satisfy federal question

---

[1] Also pending before the Court is Defendant Notre Dame's Motion to Dismiss, at [DE 21], Defendant St. Joseph County Health Department's Motion to Dismiss, at [DE 24], and Plaintiff's Emergency Motion to Strike, at [DE 26].

jurisdiction; that there were no procedural defects with their removal; and that Plaintiffs failed to demonstrate that any of the reasons why the Court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) apply here.

*Legal Standard*

28 U.S.C. § 1447(c) governs remand of a case back to state court as follows: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case…". 28 U.S.C. § 1447(c). A district court only has supplemental jurisdiction over claims that are so related to claims in the action within such original jurisdiction, such as federal question jurisdiction, that they form part of the same case or controversy. *West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (citing 28 U.S.C. § 1367(a)). Section 1367(c) states that "the district court may decline to exercise supplemental jurisdiction" in certain circumstances, namely if:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). District Courts need only one of the reasons enumerated by section 1367(c) to decline jurisdiction.

*Discussion*

Plaintiff alleges two federal claims in the First Amended Complaint. [DE 5]. These federal claims, in theory, would provide the Court with authority over the federal claims via federal question jurisdiction, and the state law claims via supplemental jurisdiction. However, Plaintiffs argue there is no federal question at issue here.

> Obviously, the 14th Amendment claims are derived []from the U.S. Constitution, but what is the 'substantial Federal Question' being asked? There isn't one. The Plaintiffs just need to borrow the Federal jurisprudence surrounding Due Process and Equal Protection, which the Indiana Courts are equally empowered to interpret and apply.

[DE 13, Page 4]. Defendants respond that federal question jurisdiction is satisfied merely by the federal claims alleged in Plaintiffs' Complaint. [DE 38]. However, Plaintiffs' assertion that no federal question exists prompts this Court to evaluate Plaintiffs' federal claims more closely, because without a federal question, the Court would have no supplemental jurisdiction over the state law claims.

I.     Count V: 42 USC § 1983 Due Process Claims

The first federal claim Plaintiffs bring is "Count V: 42 USC § 1983 Due Process Claims." The Supreme Court has identified certain "fundamental rights" protected by due process.

> The Due Process Clause guarantees more than fair process, and the "liberty" it protects includes more than the absence of physical restraint. *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992) (Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them'") (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). The Clause also provides heightened protection against government interference with certain fundamental rights and liberty interests. *Reno* v. *Flores*, 507 U.S. 292, 301-302 (1993); *Casey*, 505 U.S. at 851. In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights, the "liberty" specially protected by the Due Process Clause includes the rights to marry, *Loving* v. *Virginia*, 388 U.S. 1 (1967); to have children, *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535 (1942); to direct the education and upbringing of one's children, *Meyer* v. *Nebraska*, 262 U.S. 390 (1923); *Pierce v. Society of Sisters*, 268 U.S. 510 (1925); to marital privacy *Griswold* v. *Connecticut*, 381 U.S. 479 (1965); to use contraception, *ibid*; *Eisenstadt* v. *Baird*, 405 U.S. 438 (1972); to bodily integrity, *Rochin* v. *California*, 342 U.S. 165 (1952), and to abortion, *Casey*, *supra*. We have also assumed, and strongly suggested, that the Due Process Clause protects the traditional right

3

to refuse unwanted lifesaving medical treatment. *Cruzan*, 497 U.S. at 278-279.

*Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997).

The Due Process Clause has a substantive and procedural component. *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 599 (7th Cir. 2022). Substantive due process is "very limited." *Campos v. Cook Cty.*, 932 F.3d 972, 975 (7th Cir. 2019) (citing *Washington*, 521 U.S. 702). To allege a viable substantive due process claim, a plaintiff "would need to allege conduct under color of state law that 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.'" *Nelson v. City of Chi.*, 992 F.3d 599, 604 (7th Cir. 2021) (citing *Campos*, 932 F.3d at 975).

Plaintiffs bringing such a claim must provide a "careful description" of the right, with our country's "history, legal traditions, and practices" serving as critical guideposts. *Velleff v. Sheriff of Cook Cnty.*, 2025 U.S. App. LEXIS 17181, at *6 (7th Cir. Jul. 9, 2025) (citing *Washington*, 521 U.S. at 721). *See Nelson*, 992 F.3d at 604. Courts are to be "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and openended." *Campos*, 932 F.3d at 975 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). "[T]he scope of such [substantive due process] claims is extremely narrow, and '[c]ases abound in which the government action—though thoroughly disapproved of—was found not to shock the conscience.'" *Catinella v. Cnty. of Cook*, 230 F. Supp. 3d 880, 887 (N.D. Ill. 2016) (citing *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005)).

As for procedural due process, a plaintiff must allege that they were deprived of a protected property or liberty interest without appropriate process. *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (citing *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)). "Only after finding the deprivation of a protected interest do [courts] look

4

to see if the State's procedures comport with due process." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (citing *Mathews v. Eldrige*, 424 U.S. 319, 332 (1976)).

In their due process claim, brought only against the Defendant Health Department, Plaintiffs allege that:

> 76. The Health Department's false accusations and rulings, and then reported in the media, denied the Plaintiffs their liberty and property interests without any procedural safeguards that were due.
>
> 77. Substantive due process was denied to the Plaintiffs in that the Health Department– by targeting and harassing Finnies and reporting (false) findings and conjured-up violations to the media– robbed the Ruszkowskis of their fundamental rights to a livelihood and the Health Department disparaged the Plaintiffs' reputation in the industry and community-at-large.
>
> 78. The Health Department's arbitrary, capricious, unfair, and discriminatory conduct that deprived the Plaintiffs of their fundamental right to operate their business and live in peace in their community served no rational purpose.
>
> 79. By the Health Department's actions to chastise Finnies directly and in the media, Plaintiffs lost their revenue, good will, business opportunities with employees, vendors, and patrons, and the financial capital placed into Finnies to start it up.

[DE 5, Page 15].

Plaintiffs allege the Health Department violated their "fundamental rights to a livelihood" and "disparaged the Plaintiffs' reputation in the industry and community-at-large" by "reporting (false) findings and conjured-up violations to the media…". However, Plaintiffs do not describe what the "fundamental right to livelihood" is, or how it is in line with our country's "history, legal traditions, and practices." *Velleff*, 2025 U.S. App. LEXIS 17181, at *6 (citing *Washington*, 521 U.S. at 721). *See Nelson*, 992 F.3d at 604. Based on this, and *Washington*, 521 U.S. at 719-20, the "right to livelihood" does not appear to be a fundamental right protected by the due process clause. But even if Plaintiff had identified a fundamental liberty interest, the conduct

5

alleged against Defendants is not so arbitrary and irrational as to shock the conscience. *See Nelson*, 992 F.3d at 604 (To allege a viable substantive due process claim, a plaintiff "would need to allege conduct under color of state law that 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.'").

Also relevant to the case at bar, "[i]t is well-settled that an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated." *Kartik Patel v. Consol. City of Indianapolis*, 2026 U.S. Dist. LEXIS 86401, at *20-22 (S.D. Ind. Mar. 10, 2026). *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002). Indeed, "mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Kartik Patel*, 2026 U.S. Dist. LEXIS 86401, at *20-22 (citing *Hojnacki*, 285 F.3d at 548 (internal quotations and citations omitted)). Only when a state actor casts doubt on an individual's "good name, reputation, honor or integrity" in such a manner that it becomes "virtually impossible for the [individual] to find new employment in his chosen field," has the government has infringed upon that individual's "liberty interest to pursue the occupation of his choice." *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001). *Dupuy v. Samuels*, 397 F.3d 493, 503 (7th Cir. 2005) (quoting *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 617 (7th Cir. 2002)).

Plaintiffs do not allege they lost future employment opportunities. Plaintiffs' allegation that Defendants "disparaged the Plaintiffs' reputation in the industry and community-at-large" seems to support a claim of defamation, not support any violation of substantive or procedural due process, and therefore, Plaintiffs have not stated a due process claim here.

For each of the foregoing reasons, Plaintiffs' "Count V: 42 USC § 1983 Due Process Claims" are dismissed for failing to state a claim.

II.      Count VI: 42 USC § 1983 Equal Protection Claim

Plaintiffs bring a second federal claim, "Count VI: 42 USC § 1983 Equal Protection Claim." The Equal Protection Clause of the Fourteenth Amendment commands that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. As the Supreme Court has explained, the clause is "essentially a direction that all persons similarly situated should be treated alike." *West v. Radtke*, 48 F.4th 836, 851 (7th Cir. 2022) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). The Equal Protection Clause requires a "rational reason" for disparate treatment of those who are similarly situated. *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (2021) (citing *Engquist v. Oregon Dept. of Agric.*, 553 U.S. 591, 602 (2008)).

Equal protection challenges arise most commonly in one of three instances. First, a claim often emerges if a distinction is drawn based on an individual's membership in a suspect class. *Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009) (citing *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002)). Suspect classes include race, alienage, and national origin. *Jackson v. Lain*, 2015 U.S. Dist. LEXIS 93668, at *13-14 (N.D. Ind. Jul. 20, 2015) (citing *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 1000 (7th Cir. 2006)). The second common equal protection claim arises when an individual is denied a fundamental right, such as the freedom to practice religion or the freedom of speech. *Jackson*, 2015 U.S. Dist. LEXIS 93668, at *13-14 (citing *Vision Church*, 468 F.3d at 1000). If no fundamental right or suspect classification is involved, a plaintiff must allege the defendant: "(1) intentionally treated him differently from others similarly situated; (2) intentionally treated him differently because of his membership in

the class to which he belonged; and (3) the difference in treatment was not rationally related to a legitimate state interest." *Smith v. City of Chi.*, 457 F.3d 643, 650-651 (7th Cir. 2006) (citing *Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 950-51 (7th Cir. 2002)).

The third type of claim, a "class of one" equal-protection claim, recognizes that the Equal Protection Clause may "give[] rise to a cause of action on behalf of a 'class of one' where the plaintiff d[oes] not allege membership in a class or group" *if* the plaintiff can show "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *D.B. v. Kopp*, 725 F.3d 681, 685-686 (7th Cir. 2013) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (per curiam). To advance a "class of one" claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications. *D.B.*, 725 F.3d at 685-686 (quoting *Wroblewski v. Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)). The Seventh Circuit has instructed that the proper question is whether a complaint reveals a rational basis for treating the plaintiffs differently notwithstanding the government actor's motivation. *D.B.*, 725 F.3d at 685-686. If so, the plaintiffs have pleaded themselves out of court. *Id. See Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995).

In their Equal Protection Claim, brought only against the Defendant Health Department, Plaintiffs allege:

> 87. The Health Department's false accusations and rulings, reported in the media, denied the Plaintiffs of their fundamental rights to earn a living and to live in peace in the community without being assaulted with the weight of the local government– the Health Department.
>
> 88. The actions of the Health Department to target and harass the Plaintiffs were arbitrary and irrational. There is no rational basis for discriminating against the Ruszkowskis and Finnies.

8

[DE 5, Page 15]. Plaintiffs do not allege that they were treated differently due to their membership in a suspect class, nor do they allege they were deprived of a fundamental right, because, as discussed above, the right to earn a living does not appear to be a fundamental right. Instead, Plaintiffs appear to attempt to state a "class of one" claim. However, as the 7th Circuit instructs, the question is whether the Complaint reveals a rational basis for treating Plaintiffs differently, regardless of Defendant Health Department's motivation. Here, that answer is yes.

During the time period alleged in the Complaint, Defendant Health Department was actively responding to the ongoing Coronavirus pandemic, and Plaintiffs operated a bar which was allegedly noncompliant with the Health Department's Coronavirus protocols. This provides a rational basis for the Health Department to frequently visit Plaintiffs' establishment and discuss Plaintiffs' establishment in the press.

For the foregoing reasons, Plaintiffs have failed to state an equal protection claim.

III.     Supplemental Jurisdiction Under 28 U.S.C. § 1367

The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 based on the Court's original jurisdiction to hear the federal constitutional claims. However, because the Court is dismissing the federal claims because Plaintiffs failed to allege viable claims for which relief may be granted, the Court declines to exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). "[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Batistatos v. City of Hammond*, 2025 U.S. Dist. LEXIS 147107, at *4 (N.D. Ind. Jul. 31, 2025) (citing *Rivera v. Allstate Ins.*, 913 F.3d 603, 617 (7th Cir. 2018)) (quotation omitted).

9

*Conclusion*

For the foregoing reasons, Plaintiffs' federal claims, Count V: 42 USC § 1983 Due Process Claims, and Count VI: 42 USC § 1983 Equal Protection Claim, are dismissed for failure to state a claim. Because no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over the state law claims. The Court REMANDS this case to St. Joseph Superior Court 4.

SO ORDERED.

ENTERED: July 8, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court